UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ALAN EUGENE ADDISION,<br><br>    Petitioner<br><br>v.<br><br>WARDEN ORTIZ,<br><br>    Respondent | Civil Action No. 19-14111(RMB)<br><br><br>**OPINION** |

**BUMB, United States District Judge**

This matter comes before the Court upon Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable here under Rule 1, scope of the rules,

> the clerk must promptly forward the petition to a judge … and the judge must promptly examine it. It if plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

For the reasons discussed below, Petitioner is not entitled to relief on his petition, and it will be dismissed without prejudice.

I.  THE PETITION

Petitioner, presently confined in the Federal Correctional Institution in Fort Dix, New Jersey, is challenging his conviction and sentence, including his career offender status. (Pet., ECF No. 1.) On July 7, 2015, Petitioner pled guilty to one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, in the United States District Court, Southern District of Georgia. U.S. v. Addison, 2:15cr00008-LGW-BWC, (S.D. Ga.) (Plea Agreement, ECF No. 465).[1] On February 19, 2016, the sentencing court entered judgment and Petitioner was sentenced to a 110-month term of imprisonment. (Id., Judgment, ECF No. 698).

On October 2016, Petitioner filed a motion to vacate, set aside or correct sentence in his sentencing court. (Id., Mot. to Vacate, ECF No. 799.) In that motion, Petitioner alleged the court erred in failing to grant him a minor role reduction; defense counsel was ineffective for failing to explain the benefits and detriments of filing a direct appeal; and defense counsel was ineffective during plea bargaining. (Id.) On February 21, 2018, United States Magistrate Judge R. Stan Baker issued a Report and Recommendation, recommending that the District Court deny

---

[1] The Court takes judicial notice of Petitioner's Criminal Action No. 15cr0008 in the Southern District of Georgia, available at www.pacer.gov.

2

Petitioner's motion to vacate, set aside or correct sentence under § 2255. U.S. v. Addison, 2:15cr00008-LGW-BWC, (S.D. Ga.) (Report and Recommendation, ECF No. 856.)

Prior to Petitioner's sentencing, the Probation Office completed a Presentence Investigation Report and determined that Petitioner was a career offender under U.S.S.G. § 4B1.1 because he had at least two prior convictions for either a crime of violence or a controlled substance offense. (Id., Report and Recommendation, ECF No. 856 at 9.) Petitioner's total offense level was 29 and his criminal history category was VI, making his sentencing guidelines range 151 to 188-months. (Id.) The sentencing court imposed a sentence of 110-months. (Id. at 12.) On April 3, 2018, United States District Judge Lisa Godbey Wood adopted the Report and Recommendation and denied Petitioner's motion to vacate, set aside or enhance sentence under § 2255. (Id., Order, ECF No. 857.)

Petitioner filed the present petition for writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court, District of Minnesota on May 16, 2019. (Pet., ECF No. 1.) The petition was transferred to this Court on June 21, 2019. (Transfer Order, ECF No. 3.) Petitioner alleges the following grounds for relief in his petition: 1) "ineffective counsel[,] my lawyer only came to me when the prosecutor told him to. It was never about me or what I wanted him to tell them. He was supposed to do what I

wanted him to do, as his client. If I asked him to file a motion, he would say he has to ask the prosecutor if he can do it"; 2) petitioner seeks resentencing for a minor role in the conspiracy; (3) Petitioner seeks a two point reduction but states that he may already have been granted this at sentencing; 4) Petitioner seeks to be resentenced without the career offender designation.

II.  DISCUSSION

Understanding the interplay between § 2241 and § 2255 begins with the enactment of § 2255 in 1948. Congress enacted 28 U.S.C. § 2255 to replace traditional habeas corpus under § 2241 for federal prisoners, for the purpose of allowing prisoners to file motions seeking collateral review of their sentences in the sentencing court rather than in the district of confinement. Bruce v. Warden Lewisburg, 868 F.3d 170, 178 (3d Cir. 2017). A federal prisoner must seek collateral review of his conviction or sentence under § 2255, unless the prisoner can establish that the saving clause of § 2255(e) is applicable. Id. The saving clause applies when the remedy by motion under § 2255 is inadequate or ineffective to test the legality of a prisoner's sentence. Id. (citing § 2255(e)).

In 1996, Congress added significant gatekeeping provisions to 2255, restricting second or successive § 2255 motions solely to instances of "newly discovered evidence" or "a new rule of constitutional law made retroactive to cases on collateral review

4

by the Supreme Court, that was previously unavailable." Id. at 179 (quoting § 2255(h)). Congress did not address how a prisoner could raise on collateral review a claim that the federal criminal statute under which he was convicted has since been interpreted more narrowly. Bruce, 868 F.3d at 179. Thus, the Third Circuit determined that "in the unusual situation where an intervening change in statutory interpretation runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review, he may seek another round of post-conviction review under § 2241." Bruce, 868 F.3d at 179 (quoting In re Dorsainvil, 119 F.3d at 251.)

To proceed under 2241, two conditions must be met: (1) a prisoner must assert a claim of actual innocence because he is detained for conduct subsequently rendered non-criminal by an intervening Supreme Court precedent that, as found by the Third Circuit, applies retroactively in cases on collateral review; and (2) the prisoner must be barred from challenging the legality of his conviction under § 2255; in other words, the prisoner "'had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate.'" Cordaro v. United States, --- F.3d---, 2019 WL 3542904, at *5 (3d Cir. Aug. 5, 2019) (quoting In re Dorsainvil, 119 F.3d at 252.) The Third Circuit Court of Appeals has not yet decided that it is appropriate to bring a claim under § 2241 that one is "innocent" of career

5

offender status. United States v. Rutherford, 757 F. App'x 83, 85 (3d Cir. 2018) (per curiam).

Petitioner's first three grounds for relief are claims he raised or were available to him in his first § 2255 motion. A petitioner may not resort to bringing a petition for writ of habeas corpus under 28 U.S.C. § 2241 to avoid the gatekeeping requirements of § 2255. In Petitioner's fourth claim for relief, he seeks resentencing without the career offender status. The Third Circuit has not yet permitted a petitioner to proceed under § 2241 under the theory that § 2255 is an inadequate or ineffective remedy to challenge imposition of career offender status based on an intervening statutory interpretation by the Supreme Court, found by the Third Circuit to be retroactive on collateral review. However, because the Third Circuit has not foreclosed the possibility of permitting such in the future, the Court will dismiss the petition without prejudice.

If Petitioner relies on an intervening statutory interpretation by the Supreme Court, found to be retroactive on collateral review by the Third Circuit, which rendered him no longer a career offender, he may submit an amended § 2241 petition which identifies the Supreme Court case upon which he relies in no longer qualifying as a career offender. Petitioner may not assert in an amended petition any claims he raised in his § 2255 motion or claims that he could have raised at that time.

III. CONCLUSION

For the reasons discussed above, the Court dismisses the petition for lack of jurisdiction. Dismissal is without prejudice to bringing an amended petition within thirty days.

                                        s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**

Date: September 4, 2019